UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONALD P. COBB

                Plaintiff,         08-CV-6030

      v.                     **DECISION**
                                   **and ORDER**
FRONTIER COMMUNICATIONS OF ROCHESTER, INC.,

                Defendant.
_____

## Introduction

Plaintiff Donald P. Cobb ("Plaintiff") brings this action pursuant to the Age Discrimination in Employment Act ("ADEA") and Article 15 of the New York State Human Rights law ("NYSHRL"), against Defendant Frontier Telephone of Rochester[1] ("Frontier"), alleging that Frontier discriminated against him on the basis of his age. Specifically, Plaintiff alleges that Frontier terminated his employment on the basis of his age.

Defendant denies Plaintiff's claims and moves for summary judgment against Plaintiff. In support of its motion, Defendant contends that Plaintiff cannot offer any proof sufficient to raise an inference that Frontier's decision to terminate Plaintiff's employment was unlawfully motivated by his age; that Frontier fired Plaintiff because he was not performing his job satisfactorily; and that Plaintiff cannot prove that Frontier's non-discriminatory reasons supporting its actions were merely a pretext to conceal

---

[1]Defendant notes that Plaintiff incorrectly identified Defendant as Frontier Communications of Rochester, Inc. in the Complaint.(Defendant's Memorandum of Law "Def Mem." 1).

1

unlawful discrimination. Plaintiff opposes Defendant's motion for summary judgment, on the basis that Defendant's stated reasons for its adverse employment action are simply a pretext for discrimination, and that there are genuine issues of material fact in dispute.

## Background

Plaintiff was hired at Frontier as an engineer in 1998 when he was 53-years-old. (Testimony of Donald Cobb. "Cobb Tr." 9). Plaintiff's job duties included designing circuits, detailing how to build the circuits, ordering parts, and updating office records, circuit drawings and database records to reflect changes to the circuits he engineered or adjusted. Id. Frontier gave its employees an annual performance evaluation. (Declaration of John Cunico "Cunico Decl." ¶ 6). Plaintiff's overall performance ratings were 2.87 in 2002, 2.95 in 2003, 2.95 in 2004, and 2.89 in 2005, with 2 as a "threshold" rating indicating "some improvement is needed to fully meet requirements" and 3 as an "effective" rating indicating that the employee "fully meets requirements on a regular basis." (Cunico Decl., Ex. C). Plaintiff often received ratings of 2 and 2.5 for quality, productivity, and timeliness. Id.

In 2006, Frontier downsized its work force, and as a result, the demands on the remaining engineering workforce increased. (Testimony of John Cunico "Cunico Tr." 12-19). Frontier implemented stricter polices, and enforced a rule requiring engineers to complete the jobs assigned to them within five days or to provide

2

a justification for any assignment that would exceed the deadline. Id. About this time, Plaintiff's manager John Cunico and direct supervisor Calvin Jones, noticed an increase in errors in Plaintiff's work. (Cunico Tr. 7-11; Testimony of David Jorgensen "Jorgensen Tr." 11). Plaintiff ordered incorrect and unnecessary parts or failed to order necessary parts, drew a needed engineering drawing incorrectly, and took more than five days to complete assignments on multiple occasions. (Cunico Dec., Ex. D, E). On or about June 27, 2005, Frontier placed plaintiff on a Performance Improvement Plan ("PIP") to give Plaintiff 60 days to bring his work up to expected standards. (Cunico Tr. 12, 19-22, 33-4, 96; Cunico Dec., Ex. D). When Plaintiff's work was still deficient at the end of the 60 day period, Frontier placed Plaintiff on another PIP, granting him 90 days to improve his performance, with a final warning. (Cunico Tr. 23-4,27-8). During the 90 day period, management continued to receive complaints from managers of different departments about the quality of Plaintiff's work. (Cunico Decl. ¶ 18, Ex. G; Cunico Tr. 27-8, 31). Frontier terminated Plaintiff's employment effective March 2, 2007 when Plaintiff was 61-years-old. (Cunico Decl., Ex. F; Plaintiff's Memorandum of Law "Pl Mem." 8).

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 6, 2007. The EEOC issued a notice of right to sue on October 19, 2007. (Declaration of Margaret Clemens

3

"Clemens Dec.", Ex. A). Plaintiff commenced this action on January 16, 2008. (Plaintiff's Complaint).

## Discussion

### I. Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

### II. Plaintiff's ADEA Claim

ADEA makes it unlawful for an employer to take adverse action against an employee "because of such individual's age." 29 U.S.C. § 623(a). Claims of employment discrimination under ADEA are analyzed under the well-recognized burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67

4

L.Ed.2d 207 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).[2] See Grozynski v. Jetblue Airways Corp., (holding that the burden-shifting framework still applies after the Supreme Court's decision in Gross v. FBL Financial Servs., Inc., 129 S.Ct. 2343 (2009)). Under the McDonnell Douglas test, the plaintiff bears the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. Holt v, KMI-Continental, Inc., 95 F.3d 123, 129 (2d Cir. 1996). If the plaintiff succeeds in stating a prima facie case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that age was the "but-for" cause of the employer's adverse decision. Gross, 129 S.Ct. at 2343 (2009).

**Plaintiff has set forth sufficient evidence to create an inference that Frontier acted with discriminatory intent**

To establish a prima facie case of age discrimination, a plaintiff must show that (1) that the plaintiff was in the protected age group; (2) that the plaintiff was qualified for the position; (3) that he or she was discharged; and (4) that the

---

[2] The burdens of proof in employment discrimination cases under New York law are governed by the same standards as those that apply in federal civil rights cases. Abdu-Brisson v. Delta Air Lines, 239 F.3d 456, 466 (2d Cir. 2001); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 311 (2004). Thus, the outcome of a case made pursuant to NYSHRL is the same as it is under ADEA. Accordingly, the court does not explicitly evaluate Plaintiff's state law claim.

5

discharge occurred under circumstances giving rise to an inference of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. Here, Plaintiff was over 60-years-old when he was discharged, and thus fell within the protected age group. See 29 U.S.C. § 631(a).

The Second Circuit has also classified the second prong of the McDonnell Douglass test as requiring the plaintiff to have "satisfactorily performed the duties required by the position." Quaratino v. Tiffany & Co., 71 F.3d 58, 63 (2d Cir. 1995); Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).; Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 104 (2d Cir. 1989). Frontier argues that Plaintiff failed to satisfy this requirement since he was repeatedly warned and reprimanded for his unsatisfactory job performance. (Def Mem 9-11). However, "[t]o satisfy the second element of the test, the plaintiff need not demonstrate that his performance was flawless or superior. Rather, he need only demonstrate that he 'possesses the basic skills necessary for performance of [the] job.'" Cruz v. New York City Human Resources Admin. DSS, 82 F.3d 16, 20 (2d Cir. 1996) (quoting Powell v. Syracuse University, 580 F.2d 1150, 1155 (2d Cir. 1978)). Plaintiff was an engineer with more than 8 years of experience at Frontier, and thus, had the basic skills necessary for the performance of his duties.

Discriminatory intent can be inferred from a variety of circumstantial evidence, including the employer's criticism of the

plaintiff's performance in degrading terms, its invidious comments about others in the employee's protected group, or the more favorable treatment of employees not in the protected group. <u>Chambers</u>, 43 F.3d 29, 37 (2d Cir. 1994). Defendant argues that Plaintiff cannot prove that the circumstances surrounding Plaintiff's termination give rise to an inference of discrimination. (Def Mem 11-12). In discrimination cases, however, a plaintiff need not initially submit evidence sufficient to support a finding in his or her favor on each element that the plaintiff must ultimately prove to win the case. <u>Fisher v. Vassar College</u>, 114 F.3d 1332, 1337 (2d Cir. 1997). Rather, the burden on the plaintiff to prove a prima facie case is minimal, and the plaintiff need not raise reasonable inference of illegal discrimination. <u>Id.</u> See <u>Carlton v. Mystic Transp., Inc.</u>, 202 F.3d 129, 134 (2d Cir. 2000). Here, Plaintiff has alleged that he was more vigilantly scrutinized and criticized than his younger co-workers.

Viewing the facts in the light most favorable to the non-moving party, I find that Plaintiff has established a prima facie case. However, establishing these minimum requirements is not sufficient to defeat Frontier's motion for summary judgment.

**<u>Frontier has offered a legitimate non-discriminatory reason for its decision to terminate Plaintiff's employment</u>**

To rebut the presumption of discrimination, the defendant must produce a legitimate, non-discriminatory reason for its adverse

7

employment decision. Burdine, 450 U.S. at 254, 101 S.Ct. at 1094. Frontier contends that it choose to terminate Plaintiff's employment because Plaintiff's job performance did not meet expectations. (Def Mem. 4-6). Plaintiff's performance evaluation shows that Plaintiff twice ordered an incorrect part that cost $2,640, instead of the $1,304 part that was needed. (Cunico Decl. Ex. D, E). Plaintiff failed to order necessary parts and drew an engineering drawing incorrectly. Id. Frontier's PIP identified Plaintiff's project documentation, project timeliness and organization as areas needing improvement. (Cunico Tr. 20-3). Despite Frontier's PIP, Plaintiff continued to make errors. (Cunico Tr. 23-27). He incorrectly engineered at least two circuits, failed to properly document material in the engineering system, attached the wrong documentation to a project, and continued to err in ordering appropriate materials for the job. (Def. Mem 5; Cunico Dec., Ex. F; Cobb Tr. 39-41, 66, 106-6). Overall, Plaintiff's job performance failed to improve during his 150-day PIP, and as a result, Frontier choose to terminate his position. (Cunico Tr. 19-20, 23-4, 27-8, 33-4). "The defendant need not persuade the court that it was actually motivated by the proffered reasons" in order to nullify the presumption of discrimination. Burdine, 450 U.S. at 254, 101 S.Ct. at 1094. Here, I find that Defendant provided a legitimate explanation for its adverse employment action.

## Plaintiff has failed to show that his age was the but-for cause for Frontier's adverse employment action

Once the employer proffers an explanation, the presumption of discrimination disappears and the burden of proof shifts back to the plaintiff. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097 (2000). A plaintiff has the "ultimate burden in persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." Id. at 142, 120 S.Ct at 2106.

> A plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

Gross, 129 S.Ct at 2352. In the instant case, Plaintiff failed to present evidence sufficient to indicate that Plaintiff's age was the "but-for" cause of Frontier's adverse employment action.

Plaintiff alleges that Frontier "began a course of harassment towards Plaintiff which was designed to negatively impact his work record in order to ultimately provide basis for his termination." (Complaint ¶ 13). Plaintiff testified that "[t]he write ups when I was put on performance were very nitpicky. There was items that I was written up on that everybody in the place did." (Cobb Tr. 32). Plaintiff testified that his errors were "very minuscule," such as writing the incorrect date or typos. (Cobb Tr. 35). However, "the mere fact that an employee disagrees with an employer's evaluation

9

of that employee's misconduct or deficient performance" does not establish that an employer's proffered reasons were a pretext for discrimination. Kalra v. HSBC Bank USA, N.A., 567 F. Supp. 2d 385, 397 (E.D.N.Y. 2008). Mr. Cunico, Plaintiff's manager, testified that "Don acknowledged some of the errors; however he felt that the impact of the errors was minimal to the organization." (Cunico Tr. 35). Mr. Cunico stated that Plaintiff did not seem to understand "what an error did to the entire organization." Id. Plaintiff alleged that he met all the objectives set forth in his PIP. (Complaint ¶ 16). Yet, Plaintiff admitted to other mistakes, including running over the allotted time frame for a project, and spending about $500,000 over budget. (Cobb Tr. 41). Frontier contends that his errors had a ripple effect on the company, resulting in loss of revenue, and defects in customer service. (Def. Mem. 14).

Plaintiff further argues that his work was hyper-vigilantly scrutinized while Frontier's younger employees were not reprimanded for the same errors. (Complaint ¶ 20). Plaintiff testified that "other engineers put incorrect information into our records, send [sic] out engineering packages that were not correct, make super, super big mistakes on the prints." (Cobb Tr. 46). Plaintiff, however, could not provide any specific examples of errors that went unnoticed, or identify who made the errors. (Cobb Tr. 46-52). Plaintiff testified that he had heard about other engineers' mistakes from conversations with "Union people." Id. This

10

allegation that Frontier ignored the mistakes of its younger employees is based on hearsay, which is not an admissible form of evidence. Fed. R. Evid. 802.

Evidence in the record indicates that Frontier's employment decisions were not motivated by age. Plaintiff alleges that his co-worker, David Jorgensen, who was approximately 60-years-old during Plaintiff's PIP period, was also being harassed by management, but not to the same degree as Plaintiff. (Complaint ¶ 12). Mr. Jorgensen testified that he believed Frontier engaged in a pattern of discrimination and assigned younger employees more "cutting edge" assignments. (Jorgensen 17-18). However, Mr. Jorgensen also testified that his work was 90 to 95 percent accurate, and that his supervisors told him that he was doing "good work." (Jorgensen 17-18, 50, 59-60). Mr. Jorgensen was never put on a PIP, and is still employed at Frontier. Similarly, during the same time period, a 60-year-old engineer was twice warned about the quality and timeliness of his work. (Cunico Dec. ¶ 21). After the warnings, his performance adequately improved, and he is still employed at Frontier. Id. Furthermore, Frontier terminated a 39-year-old engineer, because he failed to meet the company's performance expectations. (Cunico Dec. ¶ 22). Like Plaintiff, the employee had been told to improve his inaccuracies, and pay closer attention to detail. Id. When he failed to meet Frontier's demands, his employment was terminated. Id. The fact that other engineers in the protected age group performed their jobs in accordance with

Frontier's expectations, and that younger employees were also terminated based on performance, undermines the allegation that Frontier considered an employee's age in its decision-making processes.

Plaintiff also alleges that younger engineers in his department were offered certain training opportunities that he and Mr. Jorgensen were not. (Cobb Tr. 27-9). Mr. Jorgensen testified that he felt that Frontier's exclusion was intentional, but may have just been an oversight. (Jorgensen Tr. 13). Plaintiff testified that supervisor Mr. Jones told he and Mr. Jorgensen that they had to stay back "because work needed to be done." A plaintiff can establish pretext through a comparison with the treatment of other employees. Pollis v. New School for Social Research, 132 F.3d 115 (2d Cir. 1997) (citing Gibson v. Am. Broad. Co., 892 F.2d 1128, 1134-35 (2d Cir. 1989)). However, the fact that some employees were allowed to attend seminars while other were instructed to complete their assigned work is not enough to establish that Frontier engaged in discriminatory employment practices. "It is not the function of a fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal." Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1116 (2d. Cir. 1988).

Frontier has cited legitimate business concerns as its basis for terminating Plaintiff's employment, and the court is not entitled "to review the correctness of employment decisions or the process by

12

which these decisions are made." Sassaman v. Gamache, 566 F.3d 307, 314 (2d Cir. 2009). There is extensive documentation indicating that Plaintiff was not meeting Frontier's expectations. To defeat summary judgment, a plaintiff "must come forth with evidence sufficient to allow a reasonable jury to find in [his] favor" Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2002). Here, the record lacks evidence from which a reasonable fact finder could conclude that age-related animus was the "but-for" cause of Frontier's decision to terminate Plaintiff's employment. Plaintiff has failed to cite to any evidence in the record that would indicate the existence of a genuine issue of fact.[3] Accordingly, I find that Frontier is entitled to judgment as a matter of law, and Plaintiff's case is dismissed with prejudice.

---

[3]This court requires that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." In Plaintiff's Response to Defendant's Statement Pursuant to Local Rule 56.1, Plaintiff states that he "does dispute the facts." However, Plaintiff provides no evidence to contradict Defendant's Statement. Local Rule 56.1 requires that "each statement of material fact by a movant or opponent must be followed by a citation that would be admissible." When the moving party provides citations to evidence under Local Rule 56.1, and the non-moving party's response contains mere denials, the Court deems the material facts admitted. Covelli v. Nat'l Fuel Gas Distrib. Corp., 2001 U.S. Dist. LEXIS 23932, * 5-6 (W.D.N.Y. Dec. 6, 2001), aff'd, 49 Fed. Appx. 356 (2d Cir. 2002). Therefore, I find that there are no genuine issues of material fact and summary judgment is appropriate.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion for summary judgment is granted in its favor.

ALL OF THE ABOVE IS SO ORDERED.

                                      S/Michael A. Telesca

                                    MICHAEL A. TELESCA
                             United States District Judge

Dated:    Rochester, New York
            August 10, 2010